IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN GARCED, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4266 |
| | : | |
| NORMAN BAEHR, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

GALLAGHER, J.                                                                 FEBRUARY 10, 2023

    Plaintiff Nathan Garced filed this civil action based primarily on allegations that Defendants Norman Baehr and Mark Akins "conned" Plaintiff out of $20,000 with assistance from Defendant Barbara Akins, Mark Akins' wife. Garced also claims that Defendants Baehr and Mark Akins, along with Defendant Mike Bartholomew, sexually harassed and assaulted him on a job site. Garced seeks to proceed *in forma pauperis* in this matter (ECF No. 6). For the following reasons, the Court will grant Garced leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.     FACTUAL ALLEGATIONS[1]

    The allegations in the Complaint are convoluted but generally relate to Garced's claim that Defendants swindled him out of $20,000, and sexually harassed him at work. While devoid of detail, the Complaint suggests that Garced worked for Defendant Mark Akins at "[his] car lot and various properties." (Compl. (ECF No. 2) at 7.) Garced claims that Defendant Mark Akins

---

[1] The allegations set forth in this Memorandum are taken from Garced's Complaint. The Court notes that Garced filed his Complaint on October 20, 2022. On that same date, a similar looking Complaint was filed by Dawn Miller, Garced's fiancée. *See Miller v. Baehr*, et al., Civ. A. No. 22-4270 (E.D. Pa.). Miller's Complaint contains many of the same factual assertions as Garced's Complaint and names many of the same defendants.

"insisted [Garced] be paid under the table," (*id*. at 11), and that Defendant Barbara Akins, the accountant for her husband Defendant Mark Akins, "rig[ged] the books" to "cheat the Plaintiff [out] of his Worker's Compensation Rights." (*Id*. at 7-8.)

Garced claims he gave a $20,000 check to Mark Akins "who, in turn cashed the check and gave $20,000 of Plaintiff's money to Defendant Baehr, stripping the Plaintiff of his lawful money with the promise that Defendants Mark Akins and Norman Baehr would repay the $20,000 in the future if the Plaintiff needed either of [their] assistance." (*Id*. at 2.) Garced claims to have requested, but not received, a receipt or written document memorializing this verbal agreement. (*Id*. at 2-4.) He alleges that Baehr and Mark Akins used his $20,000 to purchase out-of-state investment property without his consent. (*Id*. at 5.)

Garced also contends that he was sexually harassed, apparently while working for Mark Akins. (*Id*. at 7.) Garced claims that Mark Akins, Baehr, and Bartholomew inappropriately "touch[ed] each other" and Garced "while [they were] working." (*Id*. at 7.) Garced claims these actions, "done against [his will]," constituted sexual harassment, and resulted nightmares and lack of sleep. (*Id*. at 7-8.)

Garced indicates that, based on these allegations, he seeks to bring Fifth and Fourteenth Amendment claims, presumably pursuant to 42 U.S.C. § 1983, as well as claims pursuant to 42 U.S.C. §§ 1981 and 1982 and Title VII. (*Id*. at 1-2.) He seeks $10 million in monetary damages each from Defendants Baehr, Mark Akins and Barbara Akins, and $5 million in monetary damages from Defendant Bartholomew. (*Id.* at 13.)

## II.     STANDARD OF REVIEW

The Court will grant Garced leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Garced's Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory assertions will not suffice. *Id.* Because Garced is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.   DISCUSSION

#### A.   Constitutional Claims

Garced alleges that Defendants' actions violated his Fifth and Fourteenth Amendment rights and his rights guaranteed by 42 U.S.C. §§ 1981, 1982 and Title VII. (Compl. at 1-2.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has

3

exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Garced has not plausibly alleged facts demonstrating that any Defendant was a state actor for purposes of § 1983. In fact, Garced characterizes the Defendants as "private citizens," (Compl. at 1), whose connections to Garced are through family or employment. (*See* Compl. at 2-3 (stating that Baehr is the brother of Garced's fiancée, and the partner of Mark Akins.).) As noted above, Garced claims that he performed work for Mark Akins, who also employed Barbara Akins and Mike Bartholomew, Garced's ostensible co-workers. (*Id*. at 7-8, 10.) Although Garced alludes to Akins' close relationship with "judges and police officers," (*id*. at 8, 11), the Complaint contains no allegations that any state actor was involved in the loss of Garced's $20,000 or the work-site sexual harassment. Accordingly, all claims under § 1983 will be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim because Defendants are not a state actors.

To the extent that Garced invokes §§ 1981 and 1982 as the basis for his claim, he has failed to state a plausible claim under either statute. Unlike Section 1983, §§ 1981 and 1982 prohibit private acts of race discrimination. *See Garcia v. Wind Creek Bethlehem, LLC*, No. 22-0292, 2022 WL 4130754, at *19 (E.D. Pa. Sept. 12, 2022). Section 1981 prohibits race

discrimination in the making and enforcement of contracts and property transactions,[2] while § 1982 prohibits racial discrimination in transactions relating to real and personal property.[3]

To state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (alterations in original) (quoting *Yelverton v. Lehman*, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999)). Additionally, "[t]o establish a cognizable claim under § 1982, a plaintiff 'must allege with specificity facts sufficient to show . . . (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race.'" *Crane v. Cumberland Cnty., Pa.*, 64 F. App'x 838, 841 (3d Cir. 2003) (alterations in original) (quoting *Brown*, 250 F.3d 789, 797 (3d Cir. 2001)).

Both statutes require a plaintiff to allege that that the defendant intended to discriminate against the plaintiff on the basis of race. The Complaint is silent with regard to Garced's race, and Garced does not allege that he was the victim of racial discrimination. As such, Garced has failed to state a plausible claim under § 1981 and § 1982, and those claims are dismissed. *See Spence v. Caputo*, No. 12-1077, 2015 WL 630294, at *27 (W.D. Pa. Feb. 12, 2015) (dismissing § §1981and 1982 claims because plaintiff's claims were mere speculation and did

---

[2] "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other." 42 U.S.C. § 1981(a).

[3] "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

not allege which of the enumerated rights under these sections were allegedly violated, which defendants were involved, the dates that any violations occurred, nor were facts alleged to show that any deprivation of the enumerated rights was racially motivated). Because the Court cannot state with certainty at this early juncture that Garced will never be able to state a claim under these statutes, Garced will be granted leave to amend these claims if he is capable of alleging plausibly the elements of these statutory claims.

Garced also cites to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as the basis for a sexual harassment claim against Defendant Baehr, Mark Akins, and Mike Bartholomew. (Compl. at 2.) Title VII prohibits sexual harassment that is "sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)) (alteration in original). An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, holding the term "employer" as used in Title VII does not include individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996).

As a threshold matter, an employer-employee relationship between Garced and Defendant Mark Akins is not clear from the Complaint. Garced claims to have worked "under the table," at Defendant Akins' request, but does not provide sufficient factual detail for the Court to determine whether Garced was an employee of Akins, and if so, in what capacity. In addition, the Complaint does not specify the number of employees who worked for Defendant Akins, and therefore, it is not clear that Title VII applies. Cognizant of Garced's *pro se* status,

6

the Court will dismiss the Title VII claim without prejudice and Garced will be permitted the opportunity to file an amended complaint if he can cure the defects the Court has identified.

### B. State Law Claims

Although Garced sought to pursue federal claims, the Court liberally construes the Complaint to raise state law claims for breach of contract, theft of property, and assault. The Court lacks subject matter jurisdiction over these claims.[4] The only independent basis for exercising jurisdiction of these claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

---

[4] The Court declines to exercise supplemental jurisdiction having dismissed Garced's federal claims.

Garced does not allege the citizenship of the parties. He does not provide addresses for himself or the Defendants nor does he say where the parties are domiciled.[5] However, because the Court cannot state with certainty that Garced will never be able to allege the existence of diversity jurisdiction, he will be granted leave to amend to address this deficiency.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Garced leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Garced's claims pursuant to § 1983 will be dismissed with prejudice. Because the Court cannot say at this time that Garced can never state a plausible claim under §§ 1981, 1982 or Title VII, the Court will dismiss these claims without prejudice and grant Garced leave to amend to "flesh out his allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of his claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Finally, any claims under Pennsylvania law are dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

[5] On mailings to the Court, Garced has provided a return address that has been entered on the docket. Despite providing this return address, Garced had not provided an address or alleged his citizenship for purposes of diversity.